UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JIAN HUA WU and LI MING ZHOU and all other employees similarly situated,<br><br>                                  Plaintiffs,<br><br>    - against -<br><br>MR. CHOW ENTERPRISES, LTD., CLUB MR. CHOW LLC., ABC CORP. d/b/a "TC VENTURES, INC" and "MR CHOW OF NY", MICHAEL CHOW, EVA CHOW, MICHELLE CHUN, CHRIS CHUN, YU CHEN, "John Doe" and "Jane Doe" #1-10<br><br>                                  Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMANDED** |

Plaintiffs JIAN HUA WU and LI MING ZHOU ("Plaintiffs"), on their own behalf and on behalf of all others similarly situated, Hang & Associates, PLLC, hereby file this complaint against the Defendants MR. CHOW ENTERPRISES, LTD., CLUB MR. CHOW LLC., ABC CORP. d/b/a "TC VENTURES, INC" and "MR CHOW OF NY", MICHAEL CHOW, EVA CHOW, MICHELLE CHUN, CHRIS CHUN, YU CHEN, "John Doe" and "Jane Doe" #1-10   (collectively "Mr. Chow Restaurant" or the "Defendants") allege and show the Court the following:

**INTRODUCTION**

1.      This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiffs further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4), up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. §1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendants maintains a place of business located at 324 East 57th St, New York, NY 10022, and a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York.

## THE PARTIES

7. Plaintiff Jian Hua Wu, resides in Queens, New York and was employed as a kitchen worker at Defendants' Mr Chow Restaurant located at 324 East 57th St, New York, NY 10022 from April 2006 to November 4, 2015.

8. Plaintiff Li Ming Zhou, resides in Queens, New York and was employed as a kitchen worker at Defendants' Mr Chow Restaurant located at 324 East 57th St, New York, NY 10022 from May 12, 2014 to March 2, 2016.

9. At all times relevant to this action, Plaintiffs have been employees engaged in commerce or the production of goods for commerce on behalf of Defendants.

10. Upon information and belief, the Defendants own and operate Mr. Chow restaurant locations in London, England; Beverly Hills, California; Malibu, California; Miami, Florida; and New York, New York.

11. The Defendants have utilized numerous corporate entities, aliases, and trade names in their operation of these Mr. Chow brand restaurants.

12. For instance, Plaintiffs are in possession of W-2 Tax Statements and New York State Pay Rate and Payday notices, which list "TC Ventures, Inc" as their employer. Plaintiffs

received earning statements listing both "Mr Chow of NY" and "TC Ventures, Inc".

13.     Neither "Mr Chow of NY" nor "TC Ventures, Inc" are listed as corporations in the Department of State records for New York.

14.     Defendants own and operate a Mr. Chow restaurant location at 324 East 57th St, New York, NY 10022.  This restaurant prepare and serves Chinese cuisine for its customers.

15.     Defendant Mr. Chow restaurant is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendants have (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

16.     Upon information and belief, Defendant Michael Chow is an owner of the Mr. Chow restaurant chain and is sued individually in his capacity as an owner, officer, manager, shareholder and/or agent of Mr. Chow restaurants. He exercises sufficient control over the Mr. Chow restaurants' operations to be considered Plaintiffs' employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, and established and exercised authority regarding the pay practices at the New York Mr. Chow restaurant locations.

17.     Upon information and belief, Defendant Eva Chow is an owner of the Mr. Chow restaurant chain and is sued individually in her capacity as an owner, officer, manager, shareholder and /or agent of Mr. Chow restaurants.  She exercises sufficient control over the Mr. Chow restaurants' operations to be considered Plaintiffs' employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, and established and exercised authority regarding the pay practices at the New York Mr. Chow restaurant locations.

18.     Upon information and belief, Michelle Chun is the Chief Operating Officer of Mr.

Chow Enterprises, Ltd. chain and is sued individually in her capacity as an owner, officer, manager, shareholder and /or agent of Mr. Chow restaurants. She exercises sufficient control over the Mr. Chow restaurants' operations to be considered Plaintiffs' employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, and established and exercised authority regarding the pay practices at the New York Mr. Chow restaurant locations.

19. Upon information and belief, Yu Chun is an owner, officer, or agent of the Mr. Chow restaurant chain and is sued individually in her capacity as an owner, officer and/or agent of Mr. Chow restaurants. She exercises sufficient control over the Mr. Chow restaurants' operations to be considered Plaintiffs' employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, and established and exercised authority regarding the pay practices at the New York Mr. Chow restaurant locations.

20. Upon information and belief, Chris Chun is an owner of the Mr. Chow restaurant chain and is sued individually in his capacity as an owner, officer, manager, shareholder and /or agent of Mr. Chow restaurants. Among his other duties, he is recorded as an agent of Club Mr. Chow LLC and Mr Chow Enterprises, Ltd. He exercises sufficient control over the Mr. Chow restaurants' operations to be considered Plaintiffs' employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, and established and exercised authority regarding the pay practices at the New York Mr. Chow restaurant locations.

21. Defendants Mr. Chow Enterprises, Ltd., Club Mr. Chow LLC, all share the same addresses under their Department of State filings at 9538 Brighton Way, Suite 316, Beverley Hills, CA 90210.

22. ABC Corp., an as yet  doing business as "Mr Chow of NY" and "TC Ventures,

Inc" list their address on Plaintiff's W-2 Tax Statements and earnings statements as 324 57th Street, New York, NY 10022—the location of Plaintiffs' employment at the Mr. Chow 57th street location.

23.     Upon information and belief, Defendants "John Doe" and "Jane Doe" #1-10 are as yet unidentified owners, officers, managers, agents, and/or shareholders of the Mr. Chow restaurant chain and are being sued individually in their capacity as owners, officers, managers, agents, and/or shareholders of Mr. Chow restaurants. These individuals exercise sufficient control over the Mr. Chow restaurants' operation to be considered Plaintiffs' employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, and established and exercised authority regarding the pay practices at Mr. Chow restaurants.

## THE FAILURE OF DEFENDANTS TO PAY OVERTIME

24.     The FLSA and NYLL require that employers pay all employees one and one-half ($1\frac{1}{2}$) their regular rate of pay for all hours in excess of forty (40) during any work week, unless they are exempt from coverage.

25.     Plaintiffs are non-exempt employees and entitled to overtime pay from Defendants.

26.     Plaintiffs both regularly worked over forty (40) hours per week.

27.     From 2006 until April 30, 2012, Plaintiff Wu worked at the Mr. Chow New York restaurant as a kitchen assistant, six (6) days a week, according to the following schedule: Monday, Wednesday, and Friday: 12:45 p.m. to 3:30 p.m., with one hour break, and then 5:00 p.m. to 11:45 p.m.  He was entitled to an hour and a half break between 3:30 p.m. and 5:00 p.m. but used 30 minutes to dispose of leftover water from Mr. Chow's duck meals.   On Tuesday,

Thursday, and Saturday, Plaintiff Wu worked from 12:45 p.m. until 3:30 p.m., with one hour and a half break and then from 5:00 p.m. until 11:45 p.m.  Plaintiff Wu worked for approximately fifty-eight and a half hours per week (58.5).

28. From May 1, 2012 to August 31, 2012, Plaintiff Wu worked at the Mr. Chow New York restaurant as a kitchen assistant, six (6) days a week, according to the following schedule: Monday, through Saturday: 1:00 p.m. to 11:30 p.m., with one hour and a half break, and then 5:00 p.m. to 11:30 p.m.  He was entitled to an hour and a half break between 3:30 p.m. and 5:00 p.m. but used 30 minutes to dispose of leftover water from Mr. Chow's duck meals.  Plaintiff Wu worked for approximately fifty-two and a half hours per week (55.5).

29. From September 1, 2012 to November 30, 2015, Plaintiff Wu worked at the Mr. Chow New York restaurant as a kitchen assistant, six (6) days a week, according to the following schedule: Monday, through Saturday: 1:15 p.m. to 11:30 p.m., with one hour and a half break, and then 5:00 p.m. to 11:30 p.m.  He was entitled to an hour and a half break between 3:30 p.m. and 5:00 p.m.   Plaintiff Wu worked for approximately fifty-one hours per week (52.5).

30. A couple of times per year, Plaintiff Wu was required to work 5 hours extra to assist Mr. Chows with parties.

31. Plaintiff Wu was paid a fixed monthly salary.  In 2006, when Plaintiff first started working at Mr. Chows, he was paid $1,500 monthly, after taxes.  Three months after he started working there, he was paid a fixed monthly rate of $1,800 post-taxes.  From 2007-2013, Plaintiff Wu was given a yearly increase of $2,000 post-taxes.  In 2014, Plaintiff Wu was given a yearly increase of $4,000 post-taxes.  In 2015, Plaintiff Wu was given a yearly increase of $3,000 post-taxes.  Plaintiff Wu's salary was not calculated based on his hours worked.

32. From May 12, 2014 until October 15, 2014, Plaintiff Zhou worked at the Mr.

Chow New York restaurant as a kitchen assistant, six (6) days a week, according to the following schedule: Monday, Wednesday, and Friday, Plaintiff Zhou worked from 1:15 p.m. until 11:30 p.m., without any uninterrupted breaks.  On Tuesday, Saturday and Sunday, Plaintiff worked 1:15 p.m. to 3:30 p.m., with one and half hour break, and then 5:00 p.m. to 11:30 p.m.  Plaintiff Zhou worked for approximately fifty-eight and a half hours per week (58.5).

33. From October 16, 2014 until July 15, 2015, Plaintiff Zhou worked at the Mr. Chow New York restaurant as a kitchen assistant, six (6) days a week, according to the following schedule: Monday, Wednesday, and Friday, Plaintiff Zhou worked from 1:30 p.m. until 11:30 p.m., without any uninterrupted breaks.  On Tuesday, Saturday and Sunday, Plaintiff worked 1:30 p.m. to 3:30 p.m., with one and half hour break, and then 5:00 p.m. to 11:30 p.m.   Plaintiff Zhou worked for approximately fifty-seven hours per week (57).

34. From July 16, 2015 until March 2, 2016, Plaintiff Zhou worked at the Mr. Chow New York restaurant as a kitchen assistant, six (6) days a week, according to the following schedule: Monday through Wednesday, and Friday through Sunday: 1:30 p.m. to 3:30 p.m., with one hour  and a half break, and then 5:00 p.m. to 11:30 p.m.  Plaintiff Zhou worked for approximately fifty-one hours per week (51).

35. Plaintiff Zhou was told that he was being paid $2,100 per month.  He was not paid based on his hours worked.

36. Throughout the Plaintiffs' employment with the Defendants, the Defendants required the Plaintiffs to utilize a time clock. Defendants would fraudulently require the Plaintiffs to "punch in" after his actual arrival time, and "punch out" before his actual departure time. Defendants would also require Plaintiffs to perform work, such as disposing of the restaurant's water, during periods of time that Plaintiffs were punched out.  Upon information

8

and belief, Defendants maintained this practice in order to fraudulently shorten the hours that were recorded to avoid paying over-time compensation to Plaintiffs.

37. Throughout the Plaintiffs' employment with the Defendants, the Defendants required the Plaintiffs to sign a wage notice/earning statement. These wage notices were fraudulently generated, and inaccurately indicated that the Plaintiffs were being paid on an hourly basis, when in fact they were being paid on a salary basis. Upon information and belief, Defendants maintained this practice to fraudulently appear that Plaintiffs were being compensated in compliance with the overtime provisions of the FLSA, and applicable state laws, when in fact they were not.

38. Even though Plaintiffs regularly worked more than forty (40) hours, defendants did not compensate plaintiffs at the overtime rate of one and one-half ($1\frac{1}{2}$) their regular hourly rate for all hours in excess of forty (40) during any work week.

## **DEFENDANTS' FAILURE TO PAY SPREAD OF HOURS**

39. The NYLL requires that employers pay employees one hour's pay at the full minimum wage for each workday that exceeds ten (10) hours.

40. As kitchen assistants, Plaintiffs regularly worked six (6) days a week that spanned more than ten (10) hours.

41. Plaintiffs did not receive an additional one hour's pay at the basic minimum wage, despite having workdays that exceed ten (10) hours.

42. Defendants willfully and intentionally failed to compensate Plaintiffs with an additional one hour's pay at the full minimum wage for each day her workday exceeded ten (10) hours.

## **DEFENDANTS' VIOLATIONS OF THE WAGE THEFT PREVENTION ACT**

43. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

44. Defendants paid Plaintiffs wages without any accurate, complete, or correct accompanying statement listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. Instead, Defendants provided the Plaintiffs with fraudulent written wage notices that did not accurately reflect the Plaintiffs' actual hours worked or wages.

45. Plaintiffs were never given an accurate, complete, or correct notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any claimed as part of the minimum wage, including any applicable tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.  Instead, Defendants provided the Plaintiffs fraudulent written wage notices that did not accurately reflect the Plaintiffs' actual hours worked or wages.

46. Defendants' violations of the New York Labor Law Article 6, their breach of the implied covenant of good faith and fair dealing, and their unjust enrichment at the Plaintiffs' expense were due to the Defendants' failure to pay the Plaintiffs' wages owed pursuant to the employment contract between the Defendants and the Plaintiffs.

**FIRST CLAIM**
**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiffs and the FLSA Collective]**

47. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

48. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

49. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

50. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

51. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

52. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

53. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

54. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## SECOND CLAIM
### [Violation of New York Labor Law—Overtime Pay]

55. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

56. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

57. Defendants' failure to pay Plaintiffs and the Rule 23 Class their overtime pay violated the NYLL.

58. Defendants' failure to pay Plaintiff and the Rule 23 Class was not in good faith.

## THIRD CLAIM
### [Violation of New York Labor Law—Spread of Time Pay]

59. Plaintiffs repeat the preceding allegations and incorporates the same herein as if set forth in detail.

60. Defendants have willfully failed to pay Plaintiffs additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which he worked more than then (10) hours.

61. By defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants have

willfully violated the NYLL Article 19, §§650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §146-1.6.

62. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and liquidated damages.

63. Defendants' failure to pay Plaintiffs and FLSA Collective spread-of-hours pay was not in good faith

## FOURTH CLAIM
### [Violation of New York Labor Law—New York Pay Stub Requirement]

64. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

65. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

66. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after Plaintiff's payday.

67. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## FIFTH CLAIM
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

68. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as

though fully set forth herein.

69. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

70. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

71. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

72. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## SIXTH CLAIM
**[New York Labor Law Article 6 – Failure to Pay Agreed-Upon Wages]**

73. Plaintiff repeats the preceding allegations and incorporates the same herein as if set forth in detail.

74. Defendants have engaged in a pattern, practice, and policy of failing to

compensate Plaintiff at their agreed hourly regular rates for all hours either worked or required to be compensated.

75. Defendants' failure to pay Plaintiff his wages at his agreed hourly regular rates for all hours worked or required to be compensated by law violates the New York Labor Law Article 6, §§ 190 et seq..

76. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants their unpaid wages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and the costs of the action, pursuant to New York Labor Law Article 6, § 198.

### SEVENTH CLAIM
### [New York Labor Law Article 6 – Breach of Contract]

77. Plaintiffs repeat the preceding allegations and incorporates the same herein as if set forth in detail.

78. Defendants collectively entered into oral, written, and/or implied contracts with the Plaintiffs and each party's acceptance was supported by good and valuable consideration.

79. Plaintiffs fulfilled their contractual obligations by laboring for the benefit of Defendants.

80. Defendants breached the contracts with Plaintiffs by failing to pay contractually established wages for work performed by the Plaintiffs.

81. Because of Defendants' breach of contract, Plaintiffs suffered from a loss of expected wages.

82. Plaintiffs are entitled to monetary damages equal to the amount specified in oral, written, and/or implied contracts entered with Defendants, plus interest.

## EIGHTH CLAIM
### [New York Common Law - Breach of the Implied Covenant of Good Faith and Fair Dealing]

83. Plaintiffs repeats the preceding allegations and incorporate the same herein as if set forth in detail.

84. Defendants collectively entered into written and/or oral contracts with Plaintiffs and each party's acceptance was supported by good and valuable consideration.

85. Plaintiffs fulfilled their contractual obligations by laboring for the benefit of Defendants.

86. Defendants, in bad faith, denied Plaintiffs the benefit of the contract by failing to pay the contractually established wages.

87. Defendants' bad faith is demonstrated by Defendant's failure to pay contractually required wages, and by Defendants' manipulation of payment schedules that were to the detriment of Plaintiffs.

88. Because of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs suffered from a loss of expected wages.

89. Plaintiffs are entitled to monetary damages equal to the amount specified in contracts entered with Defendants, plus interest.

## NINTH CLAIM
### [New York Common law - Unjust Enrichment and Quantum Meruit]

90. Plaintiffs repeat the preceding allegations and incorporate the same herein as if set forth in detail.

91. By laboring at Defendants' restaurant, Plaintiffs provided benefits to Defendants.

92.     Plaintiffs expected to be compensated for the labor they each provided to Defendants. Defendants' unjust failure to pay Plaintiffs' wages for all labor performed constituted a distinct detriment to the Plaintiffs.

93.     Accordingly, Plaintiffs are entitled to money damages equal to the reasonable value of the labor provided to Defendants, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against the Defendants, jointly and severally, for the following relief:

a)      Authorizing plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against MR. CHOW ENTERPRISES, LTD., CLUB MR. CHOW

LLC., ABC CORP. d/b/a "TC VENTURES, INC" and "MR CHOW OF NY", its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)   An award of unpaid wages and minimum wages due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

g)   An award of unpaid overtime wages due under FLSA and New York Labor Law;

h)   An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

i)   An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

j)   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, minimum wages, and overtime compensation pursuant to New York Labor Law;

k)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, minimum wages, and overtime compensation pursuant to New York Labor Law;

m)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n)   The cost and disbursements of this action;

o)   An award of prejudgment and post-judgment fees;

p)   Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

q)   Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated:  Flushing, New York  March 17, 2016          HANG & ASSOCIATES, PLLC.

/S *JIAN HANG*
Jian Hang
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com

*Attorneys for Plaintiffs*